IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACQUIE BLANKE,<br><br>        Plaintiff,<br><br>v.<br><br>THE CHERRINGTON FIRM, PLLC and CHECKNET, INC.,<br><br>        Defendants. | MEMORANDUM DECISION DENYING MOTION TO REMAND AND ABSTAIN<br><br>Case No. 2:16-cv-00764-JNP-BCW<br><br>District Judge Jill N. Parrish |

      Checknet, Inc. sued Jacquie Blanke in state court to collect a medical debt. About three months later, Ms. Blanke filed this action in federal court against Checknet and The Cherrington Firm, PLLC. The complaint in this action alleges that Checknet and Cherrington violated the Fair Debt Collection Practices Act (FDCPA) by using false representations and deceptive practices in their attempts to collect on the debt.

      Before the court is Checknet and Cherrington's motion to remand this action to state court or abstain from hearing this lawsuit. [Docket 7]. The defendants make two arguments. First they argue that the present lawsuit is effectively an untimely attempt to remove the state lawsuit to federal court. Second, the defendants assert that under the abstention doctrine, this court should refuse to hear Ms. Blanke's claims. This court concludes that neither argument has merit and DENIES the defendants' motion.

      The defendants' first argument is easily disposed of. The defendants contend that the present lawsuit is in reality an untimely attempt to remove the debt collection suit pending in

state court to federal court. The defendant's argument, however, ignores the fact that no part of the debt collection lawsuit has been removed to this court. Instead, Ms. Blanke asserts independent claims against the defendants under the FDCPA. Because nothing has been removed, this court rejects the defendants' untimely removal argument.

The court also finds the defendants' second argument to be unpersuasive. They argue that this court should abstain from hearing Ms. Blanke's claims under the "exceptional circumstances" branch of the abstention doctrine. Under the abstention doctrine, a federal court may refuse to adjudicate a claim in deference to state court proceedings under certain narrow circumstances. "Abstention from the exercise of federal jurisdiction is the exception, not the rule. 'The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) (citation omitted). Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* at 817 (citation omitted). Thus, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Id.*

There are several situations in which a court may take the extraordinary step of abstaining from resolving a dispute. *See id.* at 814–17. The particular subset of the abstention doctrine that the defendants appeal to is the extraordinary circumstances test, which permits a federal court to dismiss a complaint in favor of a parallel state-court proceeding because of "considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* at 817 (alteration in original) (citation omitted). But

given a federal court's obligation to exercise its jurisdiction when properly invoked, "and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." *Id.* at 818.

There is no set test for determining whether exceptional circumstances require abstention. "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). The Supreme Court has held, for example, that exceptional circumstances justified abstention in a water rights dispute because "[t]he clear federal policy evinced by [the McCarran Amendment] is the avoidance of piecemeal adjudication of water rights in a river system." *Colorado River Water Conservation Dist.*, 424 U.S. at 819.

Applying these principles, the court determines that there are no exceptional circumstances justifying abstention in this case. Exceptional circumstances cases examine situations where a state court and a federal court are simultaneously litigating either the same issue or closely related issues such that the resolution of the federal proceedings would have the tendency to moot or fundamentally alter the state proceeding. *See id.*; *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 10–11; *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 10 (1st Cir. 2003) ("Drawing on *Colorado River* and its progeny, courts look to a variety of factors to

determine whether 'exceptional circumstances' exist which counsel the abdication of jurisdiction in favor of *parallel state court litigation*." (emphasis added)). Even where state and federal courts are deciding the same issue in parallel proceedings, there is a presumption against abstention. *Colorado River Water Conservation Dist.*, 424 U.S. at 817 ("[T]he pendency of an action in the state court is no bar to proceedings concerning *the same matter* in the Federal court having jurisdiction." (emphasis added) (citation omitted)). But in this case, there is no parallel state court proceeding. The only issues before the state court is whether Ms. Blanke owes money to Checknet and the amount of any debt. The sole issue raised by Ms. Blanke in this federal proceeding is whether Checknet or Cherrington violated protections in the FDCPA when they tried to collect the alleged debt. The resolution of the state proceeding will not affect this federal proceeding or vice-versa. Absent a parallel state court proceeding, there is no reason to abstain in this case.

      Therefore, the court DENIES the defendants' motion to remand or abstain. [Docket 7].

DATED December 5, 2016.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge